UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04 10560 MLW

MAGISTRATE JUDGE Bowler

STONERIDGE CONTROL DEVICES, INC.,

Plaintiff,

v.

STRATTEC SECURITY CORPORATION,

Defendant.

RECEIPT # _____
AMOUNT $150
SUMMONS ISSUED MA
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. TDM
DATE 3/22/04

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C, §§ 1441 and 1446, defendant Strattec Security Corporation ("Strattec") gives notice of removing this case from Massachusetts Superior Court, Norfolk County where it is pending (*Stoneridge Control Devices, Inc. v. Strattec Security Corporation*, Civil Action No. 04-00298) to the United States District Court for the District of Massachusetts. As grounds, Strattec states that there is complete diversity of citizenship and that the plaintiff ("Stoneridge") claims damages in excess of the statutory minimum for diversity jurisdiction. Specifically, Strattec states:

1. This is a contract action to recover for damages arising from alleged breaches of contract. Suit was filed by Stoneridge Control Devices, Inc. ("Stoneridge") on or about February 13, 2004, in Norfolk Superior Court, Civil Action No. 04-00298.

2. Strattec first received a copy of the summons and complaint when it was served on March 5, 2004, less than thirty days from date of this notice.

3.  Jurisdiction in this Court is grounded upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. The plaintiff is a citizen of Norfolk County, Massachusetts. The defendant, Strattec, is a citizen of Wisconsin because it was incorporated in Wisconsin. *See* 28 U.S.C. § 1332(c)(1). Strattec is also a citizen of Wisconsin because its principal place of business and corporate headquarters is in Milwaukee, Wisconsin. *See id.*

There are three tests recognized by the First Circuit to identify a corporation's principal place of business - the "nerve center" test, the "center of corporate activity" test and the "locus of the operations of the corporation" test. *Taber Partners, I. v. Merit Builders, Inc.*, 987 F.2d 57, 60-61 (1st Cir. 1993), *cert. denied*, 510 U.S. 823 (1993) (citation omitted). Under these tests, Strattec's principal place of business is Wisconsin. *See, e.g., id.* at 63 (applying all three tests); *Rivera v. Pepsico Puerto Rico*, 936 F.Supp. 45, 47-48 (D.Puerto Rico 1996) (applying all three tests); *de Walker v. Pueblo Int'l Inc.*, 569 F.2d 1169, 1172 (1st Cir. 1978) (applying all three tests); *but see Caribbean Mushroom Co., Inc. v. Government Development Bank*, 980 F.Supp. 620, 626 (D.Puerto Rico 1997) (determining that the "center of corporate activity" test and the "locus of operations" test should be applied if and only if the "nerve center test" is not appropriate).

The "nerve center" test "searches for the location from which the corporation's activities are controlled and directed." *Taber Partners, I*, 987 F.2d at 60-61. Under this test, Strattec's principal place of business is Wisconsin because decisions about Strattec's corporate activities are made at its corporate headquarters in Milwaukee, Wisconsin. The "center of corporate activity" test seeks "the location of the corporation's day-to-day management." *Id.* Strattec's daily management and operating decisions are made at the headquarters located in Milwaukee, Wisconsin. Thus, under this second test, Strattec's principal place of business is still Wisconsin. Finally, the "locus of the operations of the corporation" test seeks the "location of the corporation's actual physical operations." *Id.* Under this test, Strattec's principal place of business is Wisconsin because that is where its main physical plant is located. Thus, regardless of the test used, it is apparent that Strattec is not a citizen of Massachusetts.

Personal jurisdiction in Massachusetts was asserted over Strattec pursuant to the Massachusetts Long Arm Statute, M.G.L. c. 223A §§ 2 and 3.

4. Plaintiff Stoneridge claims an amount in controversy that exceeds $75,000.00. Specifically, on the Civil Action Cover Sheet filed by the plaintiff in Norfolk Superior Court, the plaintiff alleges damages in excess of $750,000.00.

5. A copy of all process, pleadings and orders served upon Strattec or otherwise in its possession is attached hereto as Exhibit A.

                                                            Respectfully submitted,
                                                            Strattec Security Corporation,
                                                            By its attorneys,

                                                            /s/ Christopher A. Duggan
                                                            Christopher A. Duggan
                                                            BBO No. 544150
                                                            David G. Braithwaite
                                                            BBO No. 634013
                                                            Smith & Duggan LLP
                                                            Two Center Plaza
                                                            Boston, MA 02108
                                                            (617) 248-1900

Dated: March 19, 2004

## CERTIFICATE OF SERVICE

I, Christopher A. Duggan, hereby certify that I have caused a copy of the Notice of Removal to be served upon:

Paul E. White, Esq.
Andrew R. Levin, Esq.
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114

by first-class mail on March 19, 2004.

_____
Christopher A. Duggan

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Stoneridge Control Devices, Inc.
   v. Strattec Security Corporation

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_  II.  (195,) 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
             740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT? No

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? No
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) N/A

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? No

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES No   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES No

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES No   (a)   IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? N/A

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION N/A OR WESTERN SECTION N/A

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Christopher A. Duggan
ADDRESS  2 Center Plaza, Boston, MA 02108
TELEPHONE NO.  617-248-1900

(Category.frm - 09/92)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Stoneridge Control Devices, Inc.

### DEFENDANTS
Strattec Security Corporation

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Milwaukee County, Wisconsin
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Paul E. White/Andrew R. Levin
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac St., Boston, MA 02114
617-227-3030

**ATTORNEYS** (IF KNOWN)
Christopher A. Duggan/David G. Braithwaite
Smith & Duggan LLP
2 Center Plaza, Boston, MA 02108
617-248-1900

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL INJURY** | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury — Med. Malpractice | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 365 Personal Injury — Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☒ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | ☐ 350 Motor Vehicle | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 355 Motor Vehicle Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 360 Other Personal Injury | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 371 Truth in Lending | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage | | | |
| **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | | | |
| ☐ 441 Voting | **PRISONER PETITIONS** | | | |
| ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 443 Housing/Accommodations | **HABEAS CORPUS:** | | | |
| ☐ 444 Welfare | ☐ 530 General | | | |
| ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | | | |
| | ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
280 U.S.C. §1332. Plaintiff, a citizen of MA, alleges that the defendant, a citizen of Wisconsin, supplied defective lock cylinders to the plaintiff. Plaintiff asserts causes of action for breach of contract, breach of contract - indemnity, common law indemnity, breach of implied warranties, and breach of express warranty.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 750,000+ pursuant to state civil action cover sheet
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: March 19, 2004
SIGNATURE OF ATTORNEY OF RECORD: Christopher A. Duggan

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____