UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04 CV 10560-MEW

STONERIDGE CONTROL DEVICES, INC.,

    Plaintiff,

v.

STRATTEC SECURITY CORPORATION,

    Defendant.

## ANSWER AND JURY DEMAND

### THE PARTIES

1. On information and belief, Strattec admits the allegations in paragraph 1.
2. Admitted.

### JURISDICTION

3. Admitted.
4. Paragraph 4 contains legal conclusions to which an answer is neither necessary nor appropriate.
5. Paragraph 5 contains legal conclusions to which an answer is neither necessary nor appropriate.

### FACTS

6. On information and belief, Strattec admits the allegations in paragraph 6.

7. Strattec lacks knowledge or information sufficient to form a belief as to the meaning of "the specifications" and, therefore, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.

8. Paragraph 8 contains legal conclusions to which an answer is neither necessary nor appropriate. To the extent an answer is required, Strattec denies the allegations in paragraph 8.

9. Paragraph 9 contains legal conclusions to which an answer is neither necessary nor appropriate. To the extent an answer is required, Strattec denies the allegations in paragraph 9.

10. Paragraph 10 contains legal conclusions to which an answer is neither necessary nor appropriate. To the extent an answer is required, Strattec denies the allegations in paragraph 10.

11. Strattec lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint.

12. Strattec lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint.

13. Strattec lacks knowledge or information sufficient to form a belief as to whether "upon being informed of the incidents Pollack undertook an investigation," and denies the remainder of the allegations contained in paragraph 13.

14. On information and belief, Strattec admits Pollack has taken the position that a retrofit of the ignition switches it had already sold was necessary to prevent any risk of ignition switch fires on the boats. Further answering, Strattec denies the remaining allegations contained in paragraph 14.

15. Strattec lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint.

16. Strattec lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint.

17. Strattec lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint.

18. Strattec admits that Pollack contacted Strattec by letter on August 16, 2002, and refers to that letter for its true meaning and effect. Strattec admits that because Pollack's demands were unreasonable and unjustified, Strattec has not agreed to Pollack's demand for indemnification. Strattec denies the remaining allegations in this paragraph.

19. Denied.

## COUNT I

### (Breach Of Contract)

20. Strattec repeats and incorporates herein its responses to in Paragraphs 1-16.

21. Denied.

22. Denied.

23. Denied.

## COUNT II

### (Breach Of Contract – Indemnity)

24. Strattec repeats and incorporates herein its responses to Paragraphs 1-20.

25. Paragraph 25 contains legal conclusions to which an answer is neither necessary nor appropriate. To the extent an answer is required, Strattec denies the allegations in paragraph 25.

26. Paragraph 26 contains legal conclusions to which an answer is neither necessary nor appropriate. To the extent an answer is required, Strattec denies the allegations in paragraph 26.

27. Paragraph 27 contains legal conclusions to which an answer is neither necessary nor appropriate. To the extent an answer is required, Strattec denies the allegations in paragraph 27.

## COUNT III

### (Common Law Indemnity)

28. Strattec repeats and incorporates herein its responses to Paragraphs 1-27 (sic).

29. Strattec acknowledges that Pollack denies that it was negligent or engaged in any other tortious conduct in connection with the marine ignition switches, and acknowledges that Pollack claims that Strattec is solely responsible for the costs and expense associated with the retrofit campaign and for the underlying property damage. Further answering, however, Strattec denies that it is responsible for the costs and expenses of the retrofit campaign and the underlying property damage. Strattec further denies that Pollack was "not negligent or engaged in any other tortious conduct in connection with the marine ignition switches." Finally, Strattec denies that it is liable to indemnify Pollack under any theory.

## COUNT IV

### (Breach Of Implied Warranties)

30. Strattec repeats and incorporates herein its responses to Paragraphs 1-25.

31. Paragraph 31 contains legal conclusions to which an answer is neither necessary nor appropriate. To the extent an answer is required, Strattec denies the allegations in paragraph 31.

32. Paragraph 32 contains legal conclusions to which an answer is neither necessary nor appropriate. To the extent an answer is required, Strattec denies the allegations in paragraph 32.

33. Paragraph 33 contains legal conclusions to which an answer is neither necessary nor appropriate. To the extent an answer is required, Strattec denies the allegations in paragraph 33.

## COUNT V

### (Breach of Express Warranty)

34. Strattec repeats and incorporated its responses to Paragraphs 1-29.

35. Paragraph 35 contains legal conclusions to which an answer is neither necessary nor appropriate. To the extent an answer is required, Strattec denies the allegations in paragraph 35.

36. Paragraph 36 contains legal conclusions to which an answer is neither necessary nor appropriate. To the extent an answer is required, Strattec denies the allegations in paragraph 36.

37. Paragraph 37 contains legal conclusions to which an answer is neither necessary nor appropriate. To the extent an answer is required, Strattec denies the allegations in paragraph 37.

## AFFIRMATIVE DEFENSES

### No Cause of Action

Plaintiff's Complaint does not state a cause of action against Strattec.

### Failure to State a Claim

Some or all of the counts in the Complaint fail to state a claim upon which relief can be granted.

### Statute of Limitations

Plaintiff is barred from bringing this action because the statute of limitations has expired.

### Causation

Strattec did not cause Plaintiff's alleged injuries.

On information and belief, Plaintiff's alleged injuries and damages that were caused in whole or in part by others for whose conduct Strattec is not legally liable.

### Comparative Negligence

Plaintiff's claims are barred or should be reduced by the doctrine of comparative negligence.

### Intervening Cause

Plaintiff's damages were caused, in whole or in part, by the negligence of thirds parties that was not reasonably foreseeable to Strattec.

### Economic Loss

Plaintiff's claims for damages are barred by the economic loss rule.

### RELIEF REQUESTED

WHEREFORE, Strattec respectfully requests that the Court:

a. Dismiss with prejudice the Plaintiff's Complaint as regards Strattec;
b. Enter judgment in favor of Strattec, and
c. Grant any other further relief as the Court deems necessary and proper.

## JURY DEMAND

Strattec demands trial by jury on all issues.

Respectfully submitted,
Strattec Security Corporation,
By its attorneys,

*Christopher A. Duggan*

Christopher A. Duggan
BBO No.: 544150
David G. Braithwaite
BBO No.: 634013
SMITH & DUGGAN LLP
Two Center Plaza
Boston, MA 02108
(617) 248-1900

Dated: April 1, 2004

## CERTIFICATE OF SERVICE

I, Christopher A. Duggan, hereby certify that I have caused a copy of the foregoing document to be served upon:

Paul E. White, Esq.
Andrew R. Levin, Esq.
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114

by first-class mail on April 1, 2004.

*Christopher A. Duggan*
Christopher A. Duggan