# SMITH & DUGGAN LLP

ATTORNEYS AT LAW

TWO CENTER PLAZA
BOSTON, MA 02108-1906
TELEPHONE: (617) 248-1900
FACSIMILE: (617) 248-9320

Eleanor M. Rice, Paralegal                                                    Eleanor.Rice@SmithDuggan.com

April 6, 2004

Civil Clerk's Office
United States District Court
Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re:    *Stoneridge Control Devices, Inc. v. Strattec Security Corporation*
       C.A. No. 04 CV 10560-MLW

Dear Sir/Madam:

Pursuant to Local Rule 81.1, enclosed for filing please find the certified copies of the state court pleadings and docket sheet.

Thank you for your attention to this matter.

Sincerely,

Eleanor M. Rice

/emr

Enclosure

cc:    Christopher A. Duggan, Esq. (w/o enclosures)
       Paul E. White, Esq. (w/enclosures)
       Andrew R. Levin, Esq. (w/enclosures)

**Commonwealth of Massachusetts**
NORFOLK SUPERIOR COURT
**Case Summary**
**Civil Docket**

## NOCV2004-00298
## Stoneridge Control Devices Inc v Strattec Security Corporation

| | | | |
|---|---|---|---|
| **File Date** | 02/20/2004 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 03/30/2004 | **Session** | B - Civil B |
| **Origin** | 1 | **Case Type** | A01 - Services, labor, materials |
| **Lead Case** | | **Track** | F |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 05/20/2004 | **Answer** | 07/19/2004 | **Rule12/19/20** | 07/19/2004 |
| **Rule 15** | 07/19/2004 | **Discovery** | 12/16/2004 | **Rule 56** | 01/15/2005 |
| **Final PTC** | 02/14/2005 | **Disposition** | 04/15/2005 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Stoneridge Control Devices Inc
Active 02/20/2004

**Private Counsel 631338**
Andrew R Levin
Sugarman Rogers Barshak & Cohen
101 Merrimac Street
Boston, MA 02114-4737
Phone: 617-227-3030
Fax: 617-523-4001
Active 02/20/2004 Notify

**Defendant**
Strattec Security Corporation
Served: 03/01/2004
Served (answr pending) 03/01/2004

**Private Counsel 544150**
Christopher A Duggan
Smith & Duggan
2 Center Plaza
Suite 620
Boston, MA 02108-1906
Phone: 617-248-1900
Fax: 617-248-9320
Active 03/30/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 02/20/2004 | 1.0 | Complaint  entry fee $275 plff jury claim |
| 02/20/2004 | | Origin 1, Type A01, Track F. |
| 02/20/2004 | 2.0 | Civil action cover sheet filed |
| 02/20/2004 | 3.0 | plffs motin for appt of special process server |
| 02/20/2004 | | fast track notice sent to plff attorney |
| 02/24/2004 | | MOTION (P#3plffs motion for appt of special process server allowed Hely J |
| 02/26/2004 | | ONE TRIAL review by Clerk, Case is to remain in the Superior Court |
| 03/08/2004 | 4.0 | SERVICE RETURNED:  Strattec Security Corporation(Defendant)-certified mail on 3/1/04 |
| 03/30/2004 | 5.0 | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

Attest: ᴀTRUE COPY
Deputy Assistant Clerk
3/30/04

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: __Norfolk__ |
|---|---|---|

**PLAINTIFF(S)**
Stoneridge Control Devices, Inc.

**DEFENDANT(S)**
Strattec Security Corporation

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** (617) 227-3030
Paul E. White BBO No. 549584
Andrew R. Levin BBO No. 631338
Sugarman, Rogers, Barshak & Cohen, P.C.
Board of Bar Overseers number: 101 Merrimac St., Boston, MA
02114

**ATTORNEY (If known)**

04 0023 **B**

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A01 | Services, Labor and Materials | ( F ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
### (Attach additional sheets as necessary)

A.    Documented medical expenses to date:
  1.    Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
  2.    Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
  3.    Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
  4.    Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
  5.    Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
                                                                                        Subtotal $ . . . . . . . . . . .
B.    Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
C.    Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
D.    Reasonably anticipated future medical and hospital expenses . . . . . . . . . $ . . . . . . . . . . .
E.    Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
F.    Other documented items of damages (describe)
                                                                                        $ . . . . . . . . . . .
G.    Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                                        $ . . . . . . . . . . .
                                                                        TOTAL $ . . . . . . . . . . .

## CONTRACT CLAIMS
### (Attach additional sheets as necessary)

Provide a detailed description of claim(s):

        See Attached Sheet

A TRUE COPY
Attest
Deputy Assistant Clerk
3/30/

                                        To date, in excess of
                                        TOTAL $. 750,000.00 . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 2/13/04

DTC-6 mtc005-11/99
O.S.C. 1-2000

Stoneridge Control Devices, Inc. v. Strattec Security Corporation

## CONTRACT CLAIMS

Plaintiff and defendant entered into a contract whereby defendant was to manufacture and supply lock cylinders to the plaintiff in accordance with an agreed-upon specification. As was understood by defendant, the lock cylinders were to be incorporated by plaintiff into ignition switches for marine applications. Certain of the lock cylinders provided by defendant, which were incorporated into ignition switches sold by plaintiff for marine applications, did not meet the agreed-upon specification. As a result of the defendants breach of contract, the plaintiff has been forced to engage in a costly retrofit program, has been forced to change suppliers for its lock cylinders and has incurred significant expense in investigating and resolving claims of third parties.

Doc. #343328

5.0

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO.:

04  10560 MLW



STONERIDGE CONTROL DEVICES,
INC.,

      Plaintiff,

   v.

STRATTEC SECURITY
CORPORATION,

      Defendant.

...ND CERTIFY ON 3/22/04
...DING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY.

CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BY: _____

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C, §§ 1441 and 1446, defendant Strattec Security Corporation ("Strattec") gives notice of removing this case from Massachusetts Superior Court, Norfolk County where it is pending (*Stoneridge Control Devices, Inc. v. Strattec Security Corporation*, Civil Action No. 04-00298) to the United States District Court for the District of Massachusetts. As grounds, Strattec states that there is complete diversity of citizenship and that the plaintiff ("Stoneridge") claims damages in excess of the statutory minimum for diversity jurisdiction. Specifically, Strattec states:

    1.    This is a contract action to recover for damages arising from alleged breaches of contract. Suit was filed by Stoneridge Control Devices, Inc. ("Stoneridge") on or about February 13, 2004, in Norfolk Superior Court, Civil Action No. 04-00298.

    2.    Strattec first received a copy of the summons and complaint when it was served on March 5, 2004, less than thirty days from date of this notice.

3.    Jurisdiction in this Court is grounded upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. The plaintiff is a citizen of Norfolk County, Massachusetts. The defendant, Strattec, is a citizen of Wisconsin because it was incorporated in Wisconsin. *See* 28 U.S.C. § 1332(c)(1). Strattec is also a citizen of Wisconsin because its principal place of business and corporate headquarters is in Milwaukee, Wisconsin. *See id.*

There are three tests recognized by the First Circuit to identify a corporation's principal place of business - the "nerve center" test, the "center of corporate activity" test and the "locus of the operations of the corporation" test. *Taber Partners, I. v. Merit Builders, Inc.,* 987 F.2d 57, 60-61 (1st Cir. 1993), *cert. denied,* 510 U.S. 823 (1993) (citation omitted). Under these tests, Strattec's principal place of business is Wisconsin. *See, e.g., id.* at 63 (applying all three tests); *Rivera v. Pepsico Puerto Rico,* 936 F.Supp. 45, 47-48 (D.Puerto Rico 1996) (applying all three tests); *de Walker v. Pueblo Int'l Inc.,* 569 F.2d 1169, 1172 (1st Cir. 1978) (applying all three tests); *but see Caribbean Mushroom Co., Inc. v. Government Development Bank,* 980 F.Supp. 620, 626 (D.Puerto Rico 1997) (determining that the "center of corporate activity" test and the "locus of operations" test should be applied if and only if the "nerve center test" is not appropriate).

The "nerve center" test "searches for the location from which the corporation's activities are controlled and directed." *Taber Partners, I,* 987 F.2d at 60-61. Under this test, Strattec's principal place of business is Wisconsin because decisions about Strattec's corporate activities are made at its corporate headquarters in Milwaukee, Wisconsin. The "center of corporate activity" test seeks "the location of the corporation's day-to-day management." *Id.* Strattec's daily management and operating decisions are made at the headquarters located in Milwaukee, Wisconsin. Thus, under this second test, Strattec's principal place of business is still Wisconsin. Finally, the "locus of the operations of the corporation" test seeks the "location of the corporation's actual physical operations." *Id.* Under this test, Strattec's principal place of business is Wisconsin because that is where its main physical plant is located. Thus, regardless of the test used, it is apparent that Strattec is not a citizen of Massachusetts.

Personal jurisdiction in Massachusetts was asserted over Strattec pursuant to the Massachusetts Long Arm Statute, M.G.L. c. 223A §§ 2 and 3.

4.     Plaintiff Stoneridge claims an amount in controversy that exceeds $75,000.00. Specifically, on the Civil Action Cover Sheet filed by the plaintiff in Norfolk Superior Court, the plaintiff alleges damages in excess of $750,000.00.

5.     A copy of all process, pleadings and orders served upon Strattec or otherwise in its possession is attached hereto as Exhibit A.

Respectfully submitted,
Strattec Security Corporation,
By its attorneys,


Christopher A. Duggan
BBO No. 544150
David G. Braithwaite
BBO No. 634013
Smith & Duggan LLP
Two Center Plaza
Boston, MA  02108
(617) 248-1900

Dated: March 19, 2004

Attest: _____
Deputy Assistant Clerk
3/30/04

A TRUE COPY

## CERTIFICATE OF SERVICE

I, Christopher A. Duggan, hereby certify that I have caused a copy of the Notice of Removal to be served upon:

Paul E. White, Esq.
Andrew R. Levin, Esq.
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114

by first-class mail on March 19, 2004.


Christopher A. Duggan

*4.0*

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 04 00298

STONERIDGE CONTROL DEVICES, INC.,
    Plaintiff

v.

STRATTEC SECURITY CORPORATION,
    Defendant



## PLAINTIFF'S AFFIDAVIT OF SERVICE IN COMPLIANCE WITH
## MASSACHUSETTS GENERAL LAWS, CHAPTER 223A, §6

I, Andrew R. Levin, counsel for the plaintiff in the above-entitled action, say that on February 27, 2004, I gave written notice to the defendant, Strattec Security Corporation, of filing of a Complaint against it by mailing a letter, postage prepaid, certified mail and return receipt requested, enclosing therein a copy of the Complaint, Summons, Civil Action Sheet and Tracking Order to the defendant at 3333 W. Good Hope Road, Milwaukee, WI 53209.

The Summons to defendant Strattec Security Corporation is attached hereto as Exhibit A. The letter of service dated February 27, 2004 is attached hereto as Exhibit B. The return receipt is attached hereto as Exhibit C.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 5TH DAY OF MARCH, 2004.

_____
Andrew R. Levin

*Stoneridge Control Devices, Inc. v. Strattec Security Corporation*
Plaintiff's Affidavit of Service

2

## CERTIFICATE OF SERVICE

I, Andrew R. Levin, hereby certify that on the above date I served the within document by mailing a copy of same, postage prepaid, to the defendant, Strattec Security Corporation, 3333 W. Good Hope Road, Milwaukee, WI 53209.

_____
Andrew R. Levin

Doc. #344454

Attest: A TRUE COPY
Deputy Assistant Clerk
3/30/04

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                                     SUPERIOR COURT
                                                                CIVIL ACTION

                                                                NO.
                                                                04  00298

Stoneridge Control Devices, Inc. ..........., *Plaintiff(s)*

                                v.

Strattec Security Corporation ..........., *Defendant(s)*

### SUMMONS

To the above-named Defendant: Strattec Security Corporation

        You are hereby summoned and required to serve upon ....Andrew R. Levin, Esquire
Sugarman, Rogers, Barshak & Cohen, P.C.
plaintiff's attorney, whose address is .....101 Merrimac St., Boston, MA 02114.........., an answer to the com-
plaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  You are also required to file your answer to the com-
plaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney
or within a reasonable time thereafter.

        Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or occur-
rence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.

        WITNESS, SUZANNE V. DELVECCHIO, *Esquire,* at ....Dedham.........the ..13th..............

day of ...February........................., in the year of our Lord two thousand and ....four...........................

                                                                        *Walter F. Timilty* Clerk.

NOTES:
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption.
    If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33



**SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.**
Attorneys at Law

101 Merrimac Street
Boston, MA 02114-4737
617-227-3030
617-523-4001 Fax
www.srbc.com

ANDREW R. LEVIN
levin@srbc.com

February 27, 2004

<u>VIA CERTIFIED MAIL – RRR</u>
7002 0860 0007 4926 0438

Strattec Security Corporation
3333 W. Good Hope Road
Milwaukee, WI 53209

   Re: *Stoneridge Control Devices, Inc. v. Strattec Security Corporation*
      Norfolk Superior Court Civil Action No. 04-00298

Dear Sir/Madam:

   Enclosed herewith in the above-entitled matter, please find copies of the following documents:

   1.  Complaint and Jury Demand;
   2.  Civil Action Cover Sheet;
   3.  Summons; and
   4.  Tracking Order.

   An answer is required within 20 days of your receipt of this letter. Service is hereby made upon you in accordance with Massachusetts General Laws, Chapter 223A.

        Very truly yours,

        Andrew R. Levin

ARL/rmg
Enclosures

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**Strattec Security Corporation
3333 W. Good Hope Road
Milwaukee, WI 53209**

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

MAR 0 1 20

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number    7002 0860 0007 4926 0438
   (Transfer from service label)

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.

04   00298

STONERIDGE CONTROL DEVICES, INC.,
    Plaintiff

v.

STRATTEC SECURITY CORPORATION,
    Defendant



## COMPLAINT AND JURY DEMAND

### INTRODUCTION

    This is an action by Stoneridge Control Devices, Inc. to recover damages it has suffered

as the result of the breaches of contract by Strattec Security Corporation in supplying defective

lock cylinders that were incorporated into ignition switches assembled and sold by Stoneridge's

Pollak Switch Products Division.

### THE PARTIES

    1.    Stoneridge Control Devices, Inc. ("Stoneridge") is a Massachusetts corporation

with a principal place of business at 300 Dan Road, Canton, Massachusetts.

    2.    Defendant Strattec Security Corporation ("Strattec") is a Wisconsin Corporation

with a principal place of business at 3333 W. Good Hope Road, Milwaukee, Wisconsin.

### JURISDICTION

    3.    Jurisdiction over the plaintiff is proper pursuant to G.L. c. 223A, § 2.

    4.    Jurisdiction over the defendant is proper pursuant to G.L. c. 223A, § 3.

    5.    Venue is proper pursuant to G.L. c. 223, § 8 because Stoneridge has a principal

place of business in Norfolk County.

## FACTS

6.      Stoneridge, through its Pollak Switch Products Division ("Pollak"), is in the business of, among other things, supplying ignition switches for marine applications.

7.      In or about April 1998, Pollak and Strattec entered into an agreement whereby Strattec would manufacture and supply lock cylinders to Pollak in accordance  with the specification supplied by Pollak.

8.      In selling lock cylinders to Pollak, Strattec warranted that the products would be manufactured in accordance with the agreed-upon specification, that they would be merchantable and that they would be fit for their particular purpose.

9.      Pursuant to Pollak's agreement to purchase lock cylinders from Strattec, Strattec "insure[d] the performance of any goods sold" and agreed to indemnify Pollak "against all liability, claims, loss, damage and expense including reasonable  attorneys fees, sustained or incurred by Purchaser in the investigation, settlement, proposed settlement or defense of any claim arising or alleged to have arisen from the use, performance, non-performance, sale or resale of such goods due to any defect in materials, workmanship or design or the infringement or interference or alleged infringement or interference of any patent or pending patent application or failure of the Seller to comply with all applicable Federal and State safety and health laws, and all codes, regulations and standards issued thereunder, in effect on the date that this order is accepted, including, but not by way of limitation, the Occupational Safety and Health Act of 1970.  The phrase "defect in materials, workmanship or design" shall include products failing to meet Consumer Products Safety Standards, if any."

10.      In agreeing to supply products to Pollak in accordance with Pollak's specification, Strattec understood strict compliance with Pollak's specification was critical

2

because the lock cylinders were being incorporated into ignition switches to be installed in marine applications.

11.    Between April 1998 and December 2001, Pollak purchased approximately 225,000 lock cylinders. These lock cylinders were incorporated into ignition switches sold by Pollak to customers engaged in the manufacture of panel boards for installation in vessels.

12.    In the Fall of 2001, Pollak first learned that some vessels containing its ignition switches that incorporated the lock cylinders supplied by Strattec had been involved in suspicious incidents causing the destruction or partial destruction of the vessels by fire.

13.    Upon being informed of the incidents, Pollak undertook an investigation. Pollak subsequently discovered that the lock cylinders that Strattec had supplied between April 1998 and December 2001 had not been manufactured in accordance with the agreed-upon specification.

14.    After a thorough and detailed investigation of the ignition switches at issue, Pollak determined that a retrofit of the ignition switches it had already sold incorporating the faulty lock cylinder was necessary to prevent any risk of ignition switch fires on the boats due to Strattec's supply of out-of-specification lock cylinders.

15.    In order to prevent potentially catastrophic harm that could result from the supply of out-of-specification lock cylinders, Pollak set about a cumbersome and costly program under which it identified the purchasers of boats containing the lock cylinders at issue, informed them of the potential hazards associated with the ignition switch, and provided them a retrofit for the ignition switch.

3

16.     During the course of its retrofit program, Pollak identified and contacted approximately 77,000 customers and provided approximately 70,000 retrofit kits to these customers..

17.     Moreover, despite Pollak's great efforts to identify and remedy problem ignition switches, Pollak has received a number of claims by parties whose boats and/or property was damaged in fires alleged to have been caused by the faulty ignition switches.  Pollak has incurred significant expenses in the investigation and resolution of these claims.

18.     On August 16, 2002, Pollak notified Strattec of the results of its investigation and its retrofit campaign and requested that Strattec indemnify it for all costs and losses associated with its supplying out-of-specification lock cylinders.  Strattec refused to indemnify Pollak.

19.     As a result of Strattec's breaches of contract, Strattec's refusal to take responsibility for the defective products that it supplied and Strattec's failure to indemnify Pollak for Pollak's costs and losses associated with Strattec's supplying out-of-specification products, Pollak has been forced to find a new supplier for its lock cylinders, at significant expense to Pollak.

**COUNT I**
**(Breach of Contract)**

20.     Pollak repeats and incorporates the allegations stated in paragraphs 1 through 16.

21.     Pollak and Strattec entered into an agreement whereby Strattec was obligated to supply lock cylinders to Pollak pursuant to an agreed-upon specification.

22.     Strattec breached its agreement with Pollak by providing lock cylinders that failed to meet the specification agreed to by the parties.

4

23.    As a result of Strattec's breach of contract, Pollak has been injured in an amount to be determined at trial.

## COUNT II
### (Breach of Contract – Indemnity)

24.     Pollak repeats and incorporates herein the allegations of paragraphs 1 through

20.

25.     Pursuant to the agreement by which Pollak purchased lock cylinders from

Strattec, Strattec agreed to indemnify Pollak against all liability, claims, loss, damage and

expenses, including reasonable attorneys' fees, sustained or incurred by Pollak in the

investigation, settlement, attempted settlement or defense of any claim arising or alleged to have

arisen from the use, performance, non-performance, sale or resale of the Pollak marine ignition

switch containing the lock cylinder manufactured by Strattec.

26.     In accordance with the terms of the agreement between Strattec and Pollak,

Strattec is obligated to indemnify Pollak for all liability, losses, damages and expenses arising

from the use, performance, non-performance sale or resale of the Pollak marine ignition

switches containing the lock cylinder manufactured by Strattec, including but not limited to

amounts expended by Pollak to retrofit defective products.

27.     Strattec's failure to indemnify Pollak despite Pollak's request that it do so

constitutes a breach of contract.

## COUNT III
### (Common Law Indemnity)

28.     Pollak repeats and incorporated herein the allegations of paragraphs 1 through

31.

29.     Pollak denies that it was negligent or engaged in any other tortuous conduct in

connection with the marine ignition switches involved in the retrofit campaign or involved in the

6

underlying property damage claims and alleges that Strattec is solely responsible for the costs and expenses associated with the retrofit campaign and for the underlying property damage.

## COUNT IV
### (Breach of Implied Warranties)

30. Pollak repeats and incorporates herein the allegations of paragraphs 1 though 25.

31. In supplying products to Pollak Strattec impliedly warranted that the products were of merchantable quality and would be fit for their particular purpose.

32. Strattec breach its implied warranties of merchantability and fitness for a particular purpose by supplying products to Pollak that were not merchantable and that were not fit for their particular purpose.

33. As a result of Strattec's breaches of its implied warranties of merchantability and fitness for a particular purpose, Pollak has been damages in an amount to be determined at trial.

## COUNT V
### (Breach of Express Warranty)

34. Pollak repeats and incorporates herein the allegations of paragraphs 1 through 29.

35. In supplying lock cylinders to Pollak, Strattec provided an express warranty.

36. Strattec breached its express warranty when it provided defective lock cylinders to Pollak.

37. As a result of Strattec's breach of its express warranty, Pollak has been injured in an amount to be determined at trial.

7

## RELIEF REQUESTED

WHEREFORE, Plaintiff request that this Court:

a.     Enter judgment against Defendant and in favor of Plaintiff in such amounts as

the proof at trial will show;

b.     Award Plaintiff interest, attorneys' fees and costs; and

c.     Award such other and further relief as the Court may deem just and proper

**POLLAK REQUESTS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

STONERIDGE CONTROL DEVICES, INC.,
By its Attorneys,

Paul E. White, BBO No. 549584
Andrew R. Levin, BBO No. 631338
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

DATED:  February 13, 2004
Doc. #340043

Attest:
A TRUE COPY
Deputy Assistant Clerk
3/30/04

8

3

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT 0 4    0 0 2 9 8
CIVIL ACTION NO.

STONERIDGE CONTROL DEVICES, INC.,
        Plaintiff

v.

STRATTEC SECURITY CORPORATION,
        Defendant

*Feb. 24, 2004*
*motion is Alld*
*(Hely, J.)*
*wa: Mr. K.  Hicks*
*Allotted*

## MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Now comes the plaintiff in the above-entitled matter and move that this Court appoint

Constables Philip D. Fixman, Michael B. Fixman or Daniel P. Kochakian of Michael B.

Fixman & Associates (disinterested parties and over the age of eighteen), 72 Hancock Street,

P.O. Box 83, Everett, Massachusetts or a representative thereof, as Special Process Server,

for the purpose of serving any and all process served in this case, including but not limited to

the Complaint.

STONERIDGE CONTROL DEVICES, INC.,
By its Attorneys,

Paul E. White, BBO No. 549584
Andrew R. Levin, BBO No. 631338
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

DATED:  February 13, 2004
Doc. #340043

Attest: A TRUE COPY
Deputy Assistant Clerk
3/30/14